UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY,

    Defendant.
_____/

Case No. 1:21-cv-870

Hon. Hala Y. Jarbou

## ORDER

Plaintiff is suing Michigan State University (MSU) for effectively suspending him from the University's football team in February 2021 after another student alleged that he had sexually assaulted her. Plaintiff claims that MSU has violated his rights under Title IX and its regulations by, among other things: (1) ignoring the presumption that he is not responsible for the alleged conduct until "a determination regarding responsibility is made at the conclusion of the grievance process," *see* 34 C.F.R. § 106.45(b)(1)(iv); (2) issuing an "interim sanction" before a final decision has been rendered through the grievance process, *see* 34 C.F.R. §§ 106.44, 106.45; and (3) not proceeding with the grievance process in a "prompt time frame," *see* 34 C.F.R. § 106.45(b)(1)(v). Plaintiff seeks leave to proceed anonymously.

Courts begin with a presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Federal Rules of Civil Procedure generally require a complaint to state the names of all parties. *Id*; Fed. R. Civ. P. 10(a). A plaintiff may proceed anonymously only in exceptional circumstances where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560; *see Citizens for a Strong*

*Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). In determining whether an exception is justified, a court may consider factors including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). Other factors courts have considered include:

> (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system.

*Doe v. Mich. State Univ., et al.*, No. 1:18-cv-1430, slip op. at PageID.216 (W.D. Mich. Apr. 4, 2019); *see EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

Plaintiff has failed to demonstrate that his privacy interests substantially outweigh the presumption in favor of open judicial proceedings. As to the first *Porter* factor, Plaintiff may be suing MSU as a government entity but no one factor is dispositive. (*See Doe v. Univ. of Pittsburgh, et al.*, No. 1:17-cv-213, 2018 WL 1312219 at *2 (W.D. Mich. Mar. 14, 2018) (citing *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va 2012) ("The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity.")). As to the second factor, courts routinely handle sensitive matters involving sexual assault and harassment without pseudonyms. *See Doe v. Ky. Cmty. & Tech. Coll. Sys., et al.*, No. 20-6-DLB, 2020 WL 495513, at *2 (E.D. Ky. Mar. 2, 2020) (denying plaintiff's motion to proceed under pseudonyms in a suit alleging his employer mishandled sexual misconduct allegations against him); *Johnson v. Active Mach. & Tool, Inc.*, No. 1:10-CV-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee).

Furthermore, the issue that Plaintiff brings before the court is whether MSU's actions against Plaintiff in response to the sexual assault allegations violate Title IX—not whether Plaintiff has committed sexual assault.  The third and fourth factors are not relevant here.

Turning to the additional factors, Plaintiff's fears of social stigma or harm to his reputation fail to outweigh the general interest in favor of open judicial proceedings.  *See Doe v. Rider*, No. 16-4882, 2018 WL 3756950, at *5, (D.N.J. Aug. 7, 2018) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)).  Such fears, without more, are not enough to justify an exception.  *Id.*  As to the third additional factor, Plaintiff claims that disallowing him from proceeding anonymously could deter him from using the justice system to enforce his rights.  That may be so, but this factor balances the deterrence to litigants in general rather than to Plaintiff specifically.  The Court notes that, with regard to the argument for maintaining anonymity for alleged perpetrators of sexual assault, many such lawsuits have been brought by plaintiffs under their own names.  *See e.g.*, *Wells v. Xavier Univ.* 7 F. Supp. 3d 746, 748 (S.D. Ohio 2014); *Sahm v. Miami Univ.*, 110 F. Supp. 3d 774 (S.D. Ohio 2015); *Dempsey v. Bucknell Univ.*, No. 4:11–cv–01 679, 2012 WL 1569826 (M.D. Pa. May 3, 2012); *see also Doe v. Temple*, No. 14-04729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (list of cases).

The public interest in guaranteeing open access to judicial proceedings requires a heavy basis to overcome.  *Munoz v. Michigan State Univ.*, No. 1:20-cv-984, slip op. at PageID.83 (W.D. Mich. Oct. 15, 2020); *Megless*, 654 F.3d at 408 ("One of the essential qualities of a Court of Justice is that its proceedings should be public.") (internal citations omitted).  Plaintiff has failed to meet this burden.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed anonymously (ECF No.2) is **DENIED**. If Plaintiff wishes to proceed with this litigation, he shall file an amended complaint in his full name within seven days from the date of this Order. If he fails to comply, the Court may dismiss the case for lack of prosecution.

Dated:   October 14, 2021                                             /s/ Hala Y. Jarbou
                                                                  HALA Y. JARBOU
                                                                  UNITED STATES DISTRICT JUDGE